KAIMIOLA *et al. vs.* BENI *et al.*

EXCEPTIONS FROM RULINGS OF McCULLY, J.

JANUARY TERM, 1885.

JUDD, C. J.; McCULLY and AUSTIN, JJ.

Under plea of general issue, in ejectment, defendant may give evidence of any right under which he claims; and a new trial will not be granted for surprise, where defendant at the trial set up claim of inheritance, having previously, in a conversation with plaintiff's attorney, said he claimed by adverse possession.

Where one of the grounds for a new trial is newly discovered evidence; held that the evidence of a friend of plaintiff, who sat with him at the trial, and whose testimony might have been ascertained with reasonable diligence, cannot be said to be newly discovered.

Exceptions overruled.

OPINION OF THE FULL COURT, BY McCULLY, J.

UPON bill of exceptions to ruling of the trial Justice on a motion for new trial, denying the motion. The case was ejectment. The grounds of the motion are surprise and newly discovered evidence.

The surprise consisted in the defendants offering evidence to maintain a right to the premises by inheritance. The plaintiffs claim that by some conversation or statements by defendants, previously made to plaintiffs' attorney, he had reason to believe that they held solely by adverse user.

Upon examination of the answer, it appears that the defendants set forth that they held the premises in question by a good title of their own. And that they had held possession for more than twenty years. This does not disclose whether their title was by inheritance, devise or conveyance. But, under our statute, they were not bound to plead anything more than the general issue, under which they might give evidence of any right whatever, without notice to the plaintiff. They did, however, notify the plaintiffs that they claimed by some title independent of a prescriptive right, and would avail themselves of both.

The plaintiffs say that the defense by inheritance surprises them, because the defendants had stated in conversation to their counsel that they depended solely on adverse user. If this were a tenable ground under any circumstances, it could not be available after a plea setting up other defenses. But we do not understand that a party may waive his right to, or be estopped from, a defense by his statements to counsel, or that counsel can claim surprise on being confronted with a defense which had not been suggested in such a conversation. It is a familiar rule of law that parties are not limited in their rights of action by compromises offered for the sake of peace and to avoid litigation, where they have not been accepted and the claim is brought for the determination of law. By a stronger reason, it should be held that no right is lost by a defendant's statement of his title. When the matter comes to the arbitrament of a court, he is in the hands of counsel; he is entitled to all his legal defenses his opponent may expect they will make.

We may add that the affidavits as to the statements made, which are claimed to have led to the surprise, are well met by counter affidavits, but we do not base our ruling on the fact or otherwise of misleading statements having been made.

The newly discovered evidence is that of a person who is shown to have been a friend or connection of the plaintiffs, who was present in Court during the two days of the trial, sitting with the plaintiffs. Anything which such a witness is now ready to testify to cannot be said to be newly discovered, and not within the plaintiffs' power to ascertain and produce by reasonable diligence at the first trial.

Exceptions overruled.

*W. R. Castle*, for plaintiffs.

*J. L. Kaulukou*, for defendants.

*W. A. Kinney*, of counsel for defendants.

Honolulu, March 9, 1885.